IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EPC COMMERCIAL I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-2247-STA-cgc |
| | ) | |
| BLOOMINGTON SHOPPING | ) | |
| CENTER LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff EPC Commercial I LLC's Complaint for Foreclosure, Appointment of a Receiver, and Injunctive Relief (ECF No. 1) filed on April 14, 2015. In conjunction with its opening pleading, Plaintiff has also filed a Motion for Appointment of a Receiver and Related Injunctive Relief (ECF No. 38) and an Amended Motion for Appointment of a Receiver and Related Injunctive Relief (ECF No. 42). The Complaint alleges that Plaintiff is a Delaware limited liability company ("LLC") with its principal place of business in the state of Colorado. (Compl. ¶ 1.) The sole member of the Plaintiff LLC is ECP Capital I LLC, whose sole member in turn is Excelsior Capital Partners LLC. (*Id.*) According to the Complaint, "[n]o member of Excelsior Capital Partners LLC is a citizen of the same state as any defendant for diversity purposes." (*Id.*) Plaintiff seeks relief against twenty-three named Defendants, all which are, like Plaintiff, LLCs. The Complaint alleges that each of the LLC Defendants is a Delaware limited liability company with its principal place of business at 5851 Ridge Bend Road, Memphis, Tennessee 38120-9412 and that each named Defendant is a citizen of Tennessee for

1

diversity purposes. (*Id.* ¶¶ 2-23). The Complaint names Petal Shopping Center LLC ("Petal") in the caption of the case but makes no allegations about Petal's state of organization or principal place of business.[1] The Complaint at paragraph 23 also refers to a number of LLCs collectively as "the Shopping Center Borrowers," some of which are named as Defendants in the Complaint and some of which are not.

The Sixth Circuit has held that "federal courts have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua sponte*."[2] Concerning the Court's jurisdiction to hear its claims, Plaintiff alleges in the Complaint that the Court has subject-matter jurisdiction in this case pursuant to 28 U.S.C. § 1332 based on the parties' diversity of citizenship and an amount in controversy exceeding $75,000. (*Id.* ¶ 26.) However, all of the parties named in the Complaint are LLCs. Plaintiff has alleged that each named Defendant is a Delaware LLC with its principal place of business in Tennessee. The Sixth Circuit has concluded that these kinds of jurisdictional allegations regarding the citizenship of an LLC are "deficient."[3] "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.

---

[1] The Complaint simply refers to "Petal" as one of "the Shopping Center Borrowers" in paragraph 23. (Compl. ¶ 23.) Elsewhere, the Complaint refers to "Petal" and other parties collectively as "the Lubbock borrower" in paragraph 72 (*Id.* ¶ 72; *see also id.* ¶ 111(F)(xi)) and then again with a different set of parties as "the Main Note Borrowers" in paragraph 112 (*Id.* ¶ 112.).

[2] *New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009) (citation omitted).

[3] *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1004-1005 (6th Cir. 2009) (holding that a notice of removal alleging diversity jurisdiction under § 1332 based on the fact that the LLC defendant was an LLC "organized under the laws of Illinois, with its principal place of business in Illinois" was "deficient" without information about the citizenship of each member of the LLC).

And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."[4]

Therefore, the Court finds good cause to satisfy itself that it has subject-matter jurisdiction over Plaintiff's claims before the Court takes up Plaintiff's request for appointment of a receiver. To aid in its determination, the Court orders counsel for the parties to confer and submit a joint jurisdictional statement identifying each member and sub-member of the Plaintiff LLC and each member and sub-member of all Defendant LLCs named as parties in the Complaint.[5] The parties' joint jurisdictional statement is due 21 days from the entry of this Order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 17, 2015

---

[4] *Id.* at 1005.

[5] Even though no Defendant has appeared or filed an answer to the Complaint at this early stage of the proceedings, Plaintiff has indicated in support of its Motion for Appointment of a Receiver that "Defendants consent to the appointment of a receiver upon the terms set forth in the proposed Agreed Order Appointing Receiver attached" to Plaintiff's Motion. (Pl.'s Mot. for Appt. of Receiver 2, ECF No. 38). The proposed Agreed Order bears the signature of counsel for Defendants. It appears then that counsel are already working together and will be able to produce the information in short order.